IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **BAMM Holdings, Inc.** <br> *Plaintiff,* <br><br> v. <br><br> **Plum Safety Aps** <br> *Defendants.* | § § § § § § § § § | 6:20-CV-00618-ADA |

### ORDER GRANTING DEFENDANT'S MOTION TO
### SET ASIDE CLERK'S ENTRY OF DEFAULT

Came on for consideration this date is Defendant's Motion to Set Aside Clerk's Entry of Default and Request for Extension of the Answer Date. After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court **GRANTS** Defendant's Motion to Set Aside Clerk's Entry of Default and Request for Extension of the Answer Date.

### I. INTRODUCTION

On motion from BAMM Holdings, Inc. ("BAMM"), this Court's clerk entered a default against Defendant, Plum Safety Aps ("Plum"), which failed to timely answer BAMM's Complaint. Plum has moved for the Court to set aside that entry of default. Plum must now show "good cause" to set that entry aside. Fed. R. Civ. P. 55(c). The Fifth Circuit applies a liberal standard for good cause to set aside entry of default. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). The Court finds that Plum has made that showing and so grants Plum's motion. Recognizing, however, that BAMM expended resources because of Plum's negligence, the Court encourages BAMM to file a motion for attorneys' related to the entry of default and the preparation of a motion for subsequent default judgment.

1

## II. BACKGROUND

BAMM filed its Complaint in the instant case on July 9, 2020, alleging infringement of U.S. Patent No. 7,241,279. Plum was served with process on July 27, 2020. ECF No. 8. As entered on July 27, 2020, the docket entry for this return of executed summons stated an answer due date of October 26, 2020, 90 days after BAMM served Plum. Plum states that it indirectly contacted U.S. counsel, Michael DiNardo, requesting a review to determine the deadline for a response to BAMM's Complaint. ECF No. 12 at 2. Mr. DiNardo communicated to Plum that, based on the Court's docket, Plum's response was due by October 26, 2020. *Id.*

Yet the Court's docketed deadline was incorrect. Plum's answer was due 21 days after being served, consistent with Fed. R. Civ. P. 12(a)(1)(A)(i) and the deadline identified on the summons Plum received on July 27, 2020. The Court corrected the docketed deadline on August 18, 2020, the day after Plum's answer was due in accordance with the Federal Rules. According to BAMM, when BAMM failed to hear from Plum by August 13, 2020, BAMM contacted former outside counsel for Plum, who indicated he did not represent Plum in this matter. ECF No. 13 at 3–4. On August 18, 2020, BAMM purportedly emailed Plum's CEO using the address listed on Plum's website. *Id.* Plum represents that it did not receive either of those attempted notifications. ECF No. 12 at 2. With no response or appearance by Plum, BAMM successfully moved for the clerk to enter a default against Plum in September of 2020. *See* ECF Nos. 9, 10.

It was not until October 15, 2020 that Mr. DiNardo, by that time retained by Plum, contacted BAMM to discuss answering the Complaint. According to Plum, it was only during that discussion that Plum learned that its answer was due almost two months prior. ECF No. 12 at 2. BAMM represents that it offered to delay filing a motion for default judgment until October 30, 2020, allowing the parties to confer. ECF No. 13 at 4. In that time, Plum filed the instant motion. *Id.*

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that an entry of default may be set aside on a showing of good cause. Fed. R. Civ. P. 55(c). The Fifth Circuit applies a liberal standard for good cause for setting aside entry of default and has adopted a policy favoring resolution of cases on their merits and against the use of default judgments. *Lacy*, 227 F.3d at 292. Strict enforcement of defaults are not favored and "has no place in the Federal Rules." *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991) ("The Federal Rules are diametrically opposed to a tyranny of technicality and endeavor to decide cases on the merits."). "The standard for setting aside a default decree is less rigorous than setting aside" a default judgment. *One Parcel of Real Prop.*, 763 F.2d at 183. And a motion to set aside an entry of default "is more readily granted than a motion to set aside a default judgment." *In re Dierschke,* 975 F.2d 181, 184 (5th Cir.1992).

In applying the good cause standard, the Court should consider: (1) whether the default was willful; (2) whether a meritorious defense is presented; and (3) whether setting it aside would prejudice the adversary. *See Lacy*, 227 F.3d at 292. These factors are not exclusive, and courts may consider other factors, such as, whether the defaulting party acted expeditiously to correct the default upon learning of the same. *Id*.

### IV. ANALYSIS

The Court finds that Defendant has shown good cause to set aside the clerk's entry of default.

#### A.    Willfulness

The Court finds that Plum's conduct was not willful. "A willful default is an intentional failure to respond to litigation." *Scott v. Carpanzo*, 556 F. App'x 288, 294 (5th Cir. Jan. 24, 2014). Due to the Court's error in docketing Plum's deadline to answer, Mr. DiNardo had reason to

believe that Plum's answer was due by October 26, 2020. Acting on that belief, Mr. DiNardo contacted BAMM's counsel on October 15, 2020 to discuss the answer. As BAMM acknowledges, "typically a defendants' lawyer will reach out one or two weeks before an answer is due." ECF No. 13 at 2. Mr. DiNardo, then, merely acted as a typical defendants' lawyer, though one with a mistaken belief as to Plum's deadline to answer. *See* ECF No. 13, Ex. 1, ¶ 10 (BAMM's counsel stating that Mr. DiNardo "seemed to be under the mistaken belief that any foreign defendant was entitled to a 90-day answer period"). After learning of its mistake, Plum filed an answer with this Court in less than two weeks. ECF No. 12, Ex. B. Plum's conduct, taken together, suggests its default was accidental, not willful. *Cf. Stelax Indus., Ltd. v. Donahue,* No. 3:03-CV-923-M, 2004 WL 733844, at *10 (N.D. Tex. Mar. 25, 2004). And BAMM's commendable but failed attempts to alert Plum to its answer deadline do not somehow render Plum's default any less accidental.

BAMM's attempt to import a willful-blindness standard into this good cause analysis is unavailing. BAMM cites no authority adopting a willful blindness inquiry in the context of a motion under Rule 55(c). And given the Fifth Circuit's endorsement of a liberal standard for good cause, *Lacy*, 227 F.3d at 292, the Court deems it inappropriate to raise the good-cause standard by incorporating willful blindness into the standard's first element.

      **B.**    **Meritorious Defense**

The Court finds that Plum has presented meritorious defenses to Plaintiff's claims. "In determining whether a meritorious defense exists, the underlying concern is . . . whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by default." *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008) (alteration in original) (internal quotation marks omitted). A meritorious defense requires a "clear and specific statement showing, not by conclusion, but by definite recitation of facts" that the defaulting party has a valid defense.

*Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969) (per curiam). The affirmative defenses in Plum's answer include the identification of a specific line of Plum's eyewash devices, sold since early 2002 (well before BAMM's asserted patent's filing date), that Plum alleges render BAMM's asserted patent invalid. ECF No. 12, Ex. B at 4. In the context of a motion to set aside a Clerk's entry of default, the Court finds this to be a clear and specific statement of an invalidity defense, supported by the definite recitation of the existence of a specifically identified piece of prior art that could well invalidate BAMM's asserted patent.

### C. Prejudice to BAMM

BAMM presented no arguments regarding the prejudice it faces in setting aside the entry of default. The Court, after careful consideration of the applicable law and the facts here, finds that BAMM would not be prejudiced by the default being set aside. And as described above, the Court is satisfied that Plum's default was not willful and that Plum has presented a meritorious defense to BAMM's infringement claims. For the foregoing reasons, the Court will set aside the clerk's entry of default.

### D. Attorneys' Fees

The Court finds that conditioning the setting aside of the entry of default on the payment of BAMM's attorneys' fees is inappropriate. As noted above, Plum's delay in filing an answer does not appear to be willful. Instead, Plum's counsel was mistaken on the deadline for Plum to answer BAMM's Complaint. Moreover, this is not the case where the default involved an extended amount of time or disregard of court orders. *See Philpot v. Emmis Operating Co.*, No. 1:18-CV-816-RP, 2018 WL 9815970, at *2 (W.D. Tex. Dec. 17, 2018) (first citing *Coen Co., Inc. v. Pan Int'l, Ltd.*, 307 F.R.D. 498, 508 (N.D. Cal. 2015); and then *Pall Corp. v. Entegris, Inc.*, 249 F.R.D.

48, at 52–53 (E.D.N.Y. 2008)). When Plum discovered its error, it promptly corrected the mistake by filing the instant motion and its answer.

That said, BAMM's counsel needlessly expended time and money due to Plum's negligence. In view of that, BAMM may, in a separate motion, request attorneys' fees related to the entry of default and the preparation of a (shelved) motion for default judgment. Plaintiff may file, no later than October 18, 2021, a motion for attorneys' fees incurred with attached supporting billing records and narrative. The Court will review the billings to determine whether and what amount of attorneys' fees BAMM incurred in seeking default and default judgment, and enter an appropriate award.

## V. CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Set Aside Clerk's Entry of Default and Request for Extension of the Answer Date is **GRANTED**. The defaulted entered by the clerk of court on September 29, 2020 (ECF No. 10), is **VACATED**. Defendant is **ORDERED** to file its answer to BAMM's Complaint on or before September 29, 2021.

**IT IS FURTHER ORDERED** that because Plum's conduct was negligent, BAMM shall file a motion for reimbursement of attorneys' fees and costs incurred in seeking the entry of default and default judgment and responding to Plum's Motion to Set Aside Clerk's Entry of Default and Request for Extension of the Answer Date on or before **October 18, 2021**. The motion shall detail Plaintiff's reasonable attorneys' fees, expenses, and costs incurred in seeking the default and default judgment with supporting documentation.

SIGNED this 15th day of September, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

6